**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL JURY DIVISION – LEXINGTON DOCKET**

| | |
|---|---|
| **AMANDA LAINE, ELIZABETH UNDERWOOD, KRISTIAN KISKADEN, and DARREN LAKES, On Behalf of Themselves and All Others Similarly Situated,** ) ) ) ) ) | **COLLECTIVE ACTION** |
| ) | |
| *Plaintiffs*, ) | **CASE NO. 5:23-cv-00126-GFVT** |
| ) | |
| **v.** ) | **JUDGE VANTATENHOVE** |
| ) | |
| **LEXINGTON GOLF & TRAVEL, LLC, ACT DISTRIBUTORS LLC, and GPT (DE) LLC, d/b/a CHEETAH PREMIER GENTLEMEN'S CLUB OF LEXINGTON,** ) ) ) ) ) | **JURY DEMAND** |
| ) | |
| *Defendants*. ) | |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1.      Plaintiffs Amanda Laine, Elizabeth Underwood, Kristian Kiskaden, and Darren Lakes ("Plaintiffs") bring this action against Defendants Lexington Golf & Travel, LLC, ACT Distributors LLC, and GPT (DE) LLC ("Defendants"), which own, operate, and do business as Cheetah Premier Gentlemen's Club of Lexington ("Cheetah"), to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and under the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq.* Plaintiffs assert their FLSA and KWHA claims, individually and on behalf of those similarly situated, as a collective action, pursuant to 29 U.S.C. § 216(b).

2.      Plaintiffs and those they seek to represent are current and former VIP Hosts and Hostesses at Cheetah. Defendants pay them a tipped hourly wage less than the statutory $7.25

1

per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and relies on the "tip credit" provisions of the FLSA and KWHA to satisfy their statutory minimum wage and overtime obligations.

3.     Defendants violate the FLSA and KWHA in at least two ways: (a) by unlawfully requiring VIP Hosts and Hostesses to share tips with their employer and members of management; and (b) by requiring VIP Hosts and Hostesses to perform marketing / outreach duties "off the clock," *i.e.*, while not clocked in for pay purposes. Defendants also violated the KWHA through June 30, 2022, because they unlawfully required VIP Hosts and Hostesses to remit their tips to the pool for distribution among employees of the employer, in violation of KRS 337.065(3), which prohibited an employer from "requir[ing] an employee to participate in a tip pool whereby the employee is required to remit to the pool any gratuity, or any portion thereof, for distribution among employees of the employer . . . ."[1]

4.     As a result of these violations, Defendants are not permitted to rely on the tip credit to satisfy their minimum wage and overtime obligations under the FLSA and KWHA, have failed to pay the required minimum and overtime wage, and have unlawfully retained tips that Plaintiffs and those they seek to represent earned and are permitted to recover. Plaintiffs and those they seek to represent are therefore entitled to recover the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and all unlawfully retained tips, liquidated damages, and all attorneys' fees and costs.

5.     Additionally, Defendants violate 29 U.S.C. § 215(a)(3) and KRS 446.070 and 337.990(9) by retaliating against Named Plaintiffs Kristian Kiskaden, Elizabeth Underwood, and

---

[1]     KRS 337.065 was amended effective July 1, 2022, to remove the prohibition of mandatory tip pooling. Accordingly, Plaintiffs do not allege that mandatory tip pooling, on its own, violated the KWHA at any time on or after July 1, 2022.

Darren Lakes, and all putative Opt-In Plaintiffs who worked as a current employee of Defendants at any time since April 27, 2023, the date this lawsuit was filed (*see* Doc. No. 1), and by discouraging them from participating in this case.

## II. JURISDICTION

6.    This Court has subject matter jurisdiction over Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

7.    This Court has supplemental jurisdiction over Plaintiffs' state law KWHA claims pursuant to 28 U.S.C. § 1357 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

8.    Venue for this action properly lies in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district.

## III. PARTIES

### A. Plaintiffs

9.    Plaintiff Laine is a resident of Lexington, Fayette County, Kentucky.

10.    Defendants employed Plaintiff Laine as a VIP Hostess at Cheetah in Lexington, Kentucky from approximately 2015 through March 2023, with the exception of approximately one year from around March 2017 until March 2018, during which Plaintiff Laine did not work for Defendants.

11.    During her employment, Defendants paid Plaintiff Laine hourly wages less than $7.25 per hour plus tips.

12.    Plaintiff Underwood is a resident of Lexington, Fayette County, Kentucky.

13.    Defendants have employed Plaintiff Underwood for approximately the last five

years, during approximately the first two months as a server and since then as a VIP Hostess, at Cheetah in Lexington, Kentucky.

14. During her employment, Defendants paid Plaintiff Underwood hourly wages less than $7.25 per hour plus tips.

15. Plaintiff Kiskaden is a resident of Lexington, Fayette County, Kentucky.

16. Defendants have employed Plaintiff Kiskaden for approximately the last five years and since approximately March 2022 as a VIP Hostess, at Cheetah in Lexington, Kentucky.

17. During her employment, Defendants paid Plaintiff Kiskaden hourly wages less than $7.25 per hour plus tips.

18. Plaintiff Lakes is a resident of Lexington, Fayette County, Kentucky.

19. Defendants employed Plaintiff Lakes from approximately April 2019 through April 28, 2023, as a VIP Host at Cheetah in Lexington, Kentucky.

20. During his employment, Defendants paid Plaintiff Lakes hourly wages less than $7.25 per hour plus tips.

**B. Defendants**

21. Defendant Lexington Golf & Travel, LLC ("LGT"), is a Kentucky limited liability company.

22. Defendant LGT does business within this judicial district as Cheetah Premier Gentlemen's Club of Lexington (herein referred to as "Cheetah").

23. Defendant LGT operates Cheetah Premier Gentlemen's Club of Lexington at 1101 E New Circle Rd, Lexington, KY, 40505.

24. Defendant LGT is headquartered at 1711 Willow Wick Drive, Greensboro, NC,

4

27408.

25.    Defendant LGT's registered agent is Steptoe & Johnson PLLC at 100 West Main Street, Suite 400, Lexington, KY, 40507.

26.    Defendant LGT has at all relevant times been an employer within the meaning of the FLSA.

27.    Defendant LGT has at all relevant times been an employer within the meaning of the KWHA.

28.    Defendant LGT has two members: (i) Defendant ACT Distributors LLC ("ACT"); and (2) GPT (DE) LLC ("GPT").

29.    Defendant ACT is a Delaware limited liability company.

30.    Defendant ACT's sole member is Doug Adkins, who is one of two owners and operators of Cheetah in Lexington, Kentucky.

31.    Defendant ACT's registered agent is CORP1, INC. at 614 N. DuPont Hwy., Suite 210, Dover, DE 19901,

32.    Upon information and belief Defendant ACT is headquartered at 1711 Willow Wick Drive, Greensboro, NC, 27408.

33.    Defendant GPT is a Delaware limited liability company.

34.    Defendant GPT's sole member is Randy Schilsky, who is one of two owners and operators of Cheetah in Lexington, Kentucky.

35.    Defendant GPT's registered agent is CORP1, INC. at 614 N. DuPont Hwy., Suite 210, Dover, DE 19901.

36.    Defendant ACT has at all relevant times been an employer within the meaning of the FLSA.

37.    Defendant ACT has at all relevant times been an employer within the meaning of the KWHA.

38.    Defendant GPT has at all relevant times been an employer within the meaning of the FLSA.

39.    Defendant GPT has at all relevant times been an employer within the meaning of the KWHA.

## IV.  FACTS

### A.  Defendants Wage Violations.

40.    Plaintiffs and those they seek to represent in this action are current and former VIP Hosts and Hostesses of Defendants at Cheetah in Lexington, Kentucky, who earned less than $7.25 per hour and received customer tips.

41.    Defendants purport to utilize a tip credit for each hour worked by Plaintiffs and other VIP Hosts and Hostesses to satisfy the FLSA's and KWHA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour). *See* 29 U.S.C. §§ 203(m), 206, and 207; KRS 337.275 and 337.285.

42.    Defendants requiring Plaintiffs and other VIP Hosts and Hostesses to contribute the tips they receive from customers to a tip pool that is distributed to other employees.

43.    The individuals who receive a portion of the tip pool include members of management.

44.    Remitting tips to other employees, including management, is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

45.    At the end of each shift, Plaintiffs and other VIP Hosts and Hostesses are required to complete a sheet of paper documenting the amount of tips and how they are shared, including

the amount they are required to share with management.

46.    Defendants require VIP Hosts and Hostesses to perform marketing / outreach duties "off the clock," *i.e.*, while not clocked in for pay purposes.

47.    Plaintiffs and other VIP Hosts and Hostesses sometimes work in excess of 40 hours in a workweek.

48.    These uncompensated work duties result in uncompensated work in excess of 40 hours in a workweek.

49.    Defendants and other entities, which upon information and belief are affiliated with Defendants through their common ownership, have been the subject of lawsuits related to their compensation practices under federal and state wage-and-hour laws.

50.    Defendants knew or acted with reckless disregard of the fact that their compensation practices and policies violate the FLSA and KWHA.

51.    Plaintiffs did not agree to arbitrate claims related to their employment or to waive their right to proceed collectively or as a class.

52.    Plaintiffs did not see or receive a copy of any arbitration agreement.

**B.  Defendants Retaliatory Actions Taken After the Filing of this Lawsuit.**

53.    Named Plaintiffs Kristian Kiskaden, Elizabeth Underwood, and Amanda Laine filed this lawsuit on April 27, 2023. (Doc. No. 1).

54.    Almost immediately, Defendants began engaging in a variety of retaliatory conduct toward Named Plaintiffs Kristian Kiskaden, Elizabeth Underwood, and Darren Lakes (who at that time was an Opt-In Plaintiff). All three of these individuals were currently employed by Defendants at the time this lawsuit was filed. The other two Plaintiffs (Named Plaintiff Laine and Opt-In Plaintiff Mather) were not current employees at the time this lawsuit was filed.

55.     Defendants retaliatory conduct towards current employees began at the beginning of the evening shift on Friday, April 28, 2023—one day after this lawsuit was filed.

56.     On Friday, April 28, 2023, Cheetahs owners, Doug Adkins and Randy Schilsky, traveled to Lexington, Kentucky from out of town. Mr. Adkins, Mr. Schilsky, and Cheetah General Manager, Michael France, met separately with Named Plaintiffs Elizabeth Underwood and Kristian Kiskaden and brought up the lawsuit at the beginning of their shift.

57.     Following the two meetings with Named Plaintiffs Underwood and Kiskaden, Mr. France met with Opt-In Plaintiff Darren Lakes and informed him that Named Plaintiffs Underwood and Kiskaden had opted out of the tip pool with management, to which Mr. Lakes responded that he would also opt out of the tip pool with management.

58.     Named Plaintiff Underwood left work shortly after her meeting with Cheetah's owners and her manager due to the intimidation and immense stress she experienced. This stress was particularly troubling because Plaintiff Underwood is pregnant.

59.     Despite feeling intimidated by their meeting, Plaintiffs Kiskaden and Lakes remained at work, where they experienced further retaliatory conduct during the remainder of that Friday shift. This retaliatory conduct included, for example, Mr. France verbally bullying and harassing them throughout their shift, including threats to punish and fire them, and Mr. France assigning them unusual, in some cases physically difficult job duties (for example, doing laundry, repeatedly draining and filling the club's hot tubs, which required the handling of heavy pumps and hoses, vacuuming, etc.). Mr. France, through this repeated harassment and reassignment of duties, generally prevented Plaintiffs Kiskaden and Lakes from work with customers that would generate tips.

60.     At the end of this shift, Mr. France fired Plaintiff Lakes.

61.     This conduct throughout the Friday night shift took place where it could be seen or heard by other VIP Hosts and Hostesses. At least one of these individuals has expressed a desire to join this lawsuit but has not done so due to fear of retaliation.

62.     The next night, Saturday, April 29, 2023, from the very beginning of Named Plaintiff Kiskaden's shift, Defendants improper conduct continued. When Plaintiff Kiskaden arrived at work, Mr. France called her into the General Manager's office for a phone call with owner, Randy Schilsky. During this call, Plaintiff Kiskaden told Mr. Schilsky of her terrible Friday night shift. During this call Mr. Schilsky also directly requested (after having brought up the lawsuit to her a day earlier) that Plaintiff Kiskaden not discuss how she was paid with any other employees.

63.     Later that shift, Mr. France told Plaintiff Kiskaden that her schedule was being changed to Monday, Wednesday, Thursday, and Friday, eliminating her Saturday night shift, which is a shift during which VIP Hosts and Hostesses typically earn more tips.

64.     Also on Saturday, April 29, 2021, Mr. France told Plaintiff Underwood that her work schedule was being changed from Friday, Saturday, and Sunday to Saturday, Sunday, and Monday. This change replaced Plaintiff Underwood's Friday shift, which like Saturday night was a night when VIP Hosts and Hostesses could usually earn more tips, with Monday, which is usually a slow shift.

65.     These actions prevented Plaintiffs Kiskaden and Underwood from earning the amount of tips they usually earned prior to the filing of this lawsuit.

66.     These actions also directly impacted Mr. France's profits, as Mr. France knows Plaintiffs Kiskaden and Underwood no longer share their tips with him in the tip pool, while other VIP Hosts and Hostesses still do.

67.    On March 4, 2023, not even a full week after Plaintiff Kiskaden's schedule change, Plaintiff Kiskaden missed two calls from Mike Barber, who she understood from his representations to be an attorney and compliance officer for Cheetah. Mr. Barber also sent her a text message following these calls. Plaintiff Kiskaden promptly returned the call. During this call, Mr. Barber informed Plaintiff Kiskaden that she was being taken off the work schedule indefinitely and refused to answer whether or not she was being fired. As a result, Plaintiff Kiskaden was not able to work some of her shifts.

68.    The cumulative effect of Defendants retaliatory conduct discouraged, and continues to discourage, potential opt-in plaintiff participation.

69.    Moreover, Defendants conduct continues to make earning tips more difficult and the job more difficult generally for Named Plaintiffs Kiskaden and Underwood who are currently employed by Cheetah.

## V. COLLECTIVE ACTION ALLEGATIONS

70.    Plaintiffs assert their FLSA and KWHA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former VIP Hosts and Hostesses of Defendants at Cheetah in Lexington, Kentucky at any time since April 27, 2018.[2]

(the "Collective Class").

71.    Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and the Collective Class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated case law.

---

[2]    The statute of limitations under the KWHA is five years. KRS 413.120(2). Supplemental state law claims may be brought collectively pursuant to 29 U.S.C. § 216(b) under *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) and the case law expounding on it. *See, e.g.*, *Cayton v. Metropolitan Gov't of Nashville & Davidson Cnty.*, No. 3;20-cv-00859, 2022 WL 183437, at *8 (M.D. Tenn. Jan. 19, 2022) (holding that supplemental state law claims could be asserted by opt-in plaintiffs pursuant to 29 U.S.C. § 216(b)).

## VI.  CAUSES OF ACTION

### COUNT I:
### TIP CREDIT – MINIMUM WAGE AND OVERTIME VIOLATIONS OF THE FLSA

72.    All previous paragraphs are incorporated as though fully set forth herein.

73.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

74.    Plaintiffs and the Collective Class are employees entitled to the FLSA's protections.

75.    Defendants are employers covered by the FLSA.

76.    The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. *See* 29 U.S.C § 206(a).

77.    The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. *See* 29 U.S.C. § 207.

78.    The statutory minimum wage for overtime hours is $10.88 per hour—*i.e.*, 1.5 times $7.25 per hour. *See* 29 U.S.C. §§ 206, 207.

79.    Plaintiffs and members of the Collective Class employed by Defendants have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

80.    While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

81.    The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

82.     Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. §§ 203(m)(2), 216(b); 29 C.F.R. §§ 531.54, 531.59.

83.     Here, by unlawfully permitting management and supervisors to keep employees' tips, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiffs and the Collective Class.

84.     As such, Defendants have violated the FLSA by failing to pay Plaintiffs and the members of the Collective Class for all time worked at $7.25 per hour and $10.88 for all overtime hours (*i.e.*, hours over 40 in a workweek).

85.     Plaintiffs and members of the Collective Class are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

86.     As alleged herein, Defendants knew or acted with reckless disregard of the fact that their pay and tip practices for VIP Hosts and Hostesses violated the FLSA because, among other things, they and their affiliated companies have been sued for violations of wage-and-hour statutes previously.

87.     In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### COUNT II:
### "OFF-THE-CLOCK" WORK – MINIMUM WAGE AND
### OVERTIME VIOLATIONS OF THE FLSA

88.     All previous paragraphs are incorporated as though fully set forth herein.

89.     Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

90.     Plaintiffs and the Collective Class are employees entitled to the FLSA's

12

protections.

91.     Defendants are employers covered by the FLSA.

92.     The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. *See* 29 U.S.C § 206(a).

93.     The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. *See* 29 U.S.C. § 207.

94.     The statutory minimum wage for overtime hours is $10.88 per hour—*i.e.*, 1.5 times $7.25 per hour. *See* 29 U.S.C. §§ 206, 207.

95.     Plaintiffs and members of the Collective Class employed by Defendants have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

96.     Defendants have failed to pay Plaintiffs and members of the Collective Class for the work they required them to perform on marketing / outreach duties "off the clock," *i.e.*, while not clocked in for pay purposes.

97.     As a result, Defendants have failed to pay Plaintiffs and tipped employees the statutory minimum wage of $7.25 per hour for all hours worked and, where this uncompensated work resulted in overtime hours (*i.e.*, hours in excess of 40 in a workweek), the minimum statutory overtime wage of $10.88 per hour.

98.     Plaintiffs and members of the Collective Class are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

99.     As alleged herein, Defendants knew or acted with reckless disregard of the fact that their pay and tip practices for VIP Hosts and Hostesses violated the FLSA because, among

other things, they and their affiliated companies have been sued for violations of wage-and-hour statutes previously.

100.    In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT III:**
**UNLAWFUL RETENTION OF TIPS IN VIOLATION OF THE FLSA**

101.    All previous paragraphs are incorporated as though fully set forth herein.

102.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

103.    Plaintiffs and the Collective Class are employees entitled to the FLSA's protections.

104.    Defendants are employers covered by the FLSA.

105.    The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

106.    Defendants have violated this provision by keeping tips received by Plaintiffs and members of the Collective Class and by allowing managers and supervisors to keep a portion of those tips.

107.    Plaintiffs and members of the Collective Class are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

108.    As alleged herein, Defendants knew or acted with reckless disregard of the fact that their pay and tip practices for VIP Hosts and Hostesses violated the FLSA because, among other things, they and their affiliated companies have been sued for violations of wage-and-hour

statutes previously.

109.    In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT IV:**
**TIP CREDIT – MINIMUM WAGE AND OVERTIME VIOLATIONS OF THE KWHA**

110.    All previous paragraphs are incorporated as though fully set forth herein.

111.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

112.    Plaintiffs and the Collective Class are employees entitled to the KWHA's protections.

113.    Defendants are employers covered by the KWHA.

114.    The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour worked. KRS 337.275.

115.    The KWHA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

116.    The statutory minimum wage for overtime hours is $10.88 per hour—*i.e.*, 1.5 times $7.25 per hour. KRS 337.275, 337.285.

117.    Plaintiffs and members of the Collective Class employed by Defendants have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

118.    While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* KRS 337.010(2)(d), 337.275(2); 803 KAR 1:080 § 3.

119.    The KWHA prohibits employers from keeping tips received by employees for any purposes other than lawful withholdings. KRS 337.065.

15

120.    During the entire time period covered by this lawsuit until July 1, 2022, the KWHA prohibited employers from requiring employees to participate in a tip pool in which they must remit all or a portion their tips for distribution among other employees (*i.e.*, mandatory tip pools). KRS 337.065.

121.    Employers may not take a tip credit if they violate the prohibition against requiring employees to share tips with the employer (for the entire period covered by this action) or with any employees (until July 1, 2022). *See* KRS 337.275(2); 803 KAR 1:080 § 3.

122.    Here, by unlawfully requiring Plaintiffs and the Collective Class to share tips with other employees, including members of management who meet the definition of employer under the KWHA, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiffs and the Collective Class.

123.    As such, Defendants have violated the KWHA by failing to pay Plaintiffs and the members of the Collective Class for all time worked at $7.25 per hour and $10.88 for all overtime hours (*i.e.*, hours over 40 in a workweek).

124.    Plaintiffs and members of the Collective Class are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

125.    As alleged herein, Defendants knew or acted with reckless disregard of the fact that their pay and tip practices for VIP Hosts and Hostesses violated the KWHA because, among other things, they and their affiliated companies have been sued for violations of wage-and-hour statutes previously.

126.    In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions.

16

## COUNT V:
## "OFF-THE-CLOCK" WORK – MINIMUM WAGE AND
## OVERTIME VIOLATIONS OF THE KWHA

127.    All previous paragraphs are incorporated as though fully set forth herein.

128.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

129.    Plaintiffs and the Collective Class are employees entitled to the KWHA's protections.

130.    Defendants are employers covered by the KWHA.

131.    The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour worked. KRS 337.275.

132.    The KWHA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

133.    The statutory minimum wage for overtime hours is $10.88 per hour—i.e., 1.5 times $7.25 per hour. KRS 337.275, 337.285.

134.    Plaintiffs and members of the Collective Class employed by Defendants have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

135.    Defendants have failed to pay Plaintiffs and members of the Collective Class for the work they required them to perform on marketing / outreach duties "off the clock," *i.e.*, while not clocked in for pay purposes.

136.    As a result, Defendants have failed to pay Plaintiffs and tipped employees the statutory minimum wage of $7.25 per hour for all hours worked and, where this uncompensated work resulted in overtime hours (*i.e.*, hours in excess of 40 in a workweek), the minimum statutory overtime wage of $10.88 per hour.

137.    Plaintiffs and members of the Collective Class are entitled to recover all unpaid

minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

138.    As alleged herein, Defendants knew or acted with reckless disregard of the fact that their pay and tip practices for VIP Hosts and Hostesses violated the KWHA because, among other things, they and their affiliated companies have been sued for violations of wage-and-hour statutes previously.

139.    In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## COUNT VI:
## UNLAWFUL RETENTION OF TIPS IN VIOLATION OF THE KWHA

140.    All previous paragraphs are incorporated as though fully set forth herein.

141.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

142.    Plaintiffs and the Collective Class are employees entitled to the KWHA's protections.

143.    Defendants are employers covered by the KWHA.

144.    The KWHA prohibits employers from keeping tips received by employees for any purposes other than lawful withholdings. KRS 337.065.

145.    Defendants have violated this provision by unlawfully requiring Plaintiffs and the Collective Class to share tips with members of management who meet the definition of employer under the KWHA.

146.    Plaintiffs and members of the Collective Class are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to KRS 337.385.

147.    As alleged herein, Defendants knew or acted with reckless disregard of the fact that their pay and tip practices for VIP Hosts and Hostesses violated the KWHA because, among other things, they and their affiliated companies have been sued for violations of wage-and-hour statutes previously.

148.    In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions.

**COUNT VII:**
**VIOLATIONS OF THE FLSA'S ANTI-RETALIATION PROVISION**

149.    All previous paragraphs are incorporated as though fully set forth herein.

150.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), and have been currently employed at any time during the pendency of this action.

151.    Plaintiffs and the Collective Class are employees entitled to the FLSA's protections.

152.    Defendants are employers covered by the FLSA.

153.    The FLSA prohibits retaliatory actions against employees that file complaints, pursue actions, or participate in proceedings under the FLSA. *See* 29 U.S.C. § 215(a)(3).

154.    Defendants have violated this provision by retaliating against Plaintiffs currently employed by Defendants and by discouraging participation of potential Opt-In Plaintiffs in this action as alleged above.

155.    Plaintiffs are entitled to damages for lost wages and tips, front pay, liquidated damages, and all other legal and equitable relief appropriate to effectuate the purposes of the FLSA and its anti-retaliation provision. *See* 29 U.S.C. § 216(b).

156.    In violating the FLSA, Defendants have acted willfully and with reckless

disregard of clearly applicable FLSA provisions.

## COUNT VIII:
## VIOLATIONS OF THE KWHA'S ANTI-RETALIATION PROVISIONS

157.    All previous paragraphs are incorporated as though fully set forth herein.

158.    Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), and have been currently employed at any time during the pendency of this action.

159.    Plaintiffs and the Collective Class are employees entitled to the KWHA's protections.

160.    Defendants are employers covered by the KWHA.

161.    The KWHA prohibits employers from retaliating against employees who have sued to recover wages not paid in accordance with Kentucky law. KRS 337.990(9). Retaliatory conduct includes discharging or in any other manner discriminating against any employee because the employee has made any complaint to his or her employer, to the commissioner, or to the commissioner's authorized representative that he or she has not been paid wages in accordance with Kentucky law. *Id.*

162.    As alleged herein, the circumstances surrounding the filing of this case demonstrate substantial retaliatory conduct toward Plaintiffs who initially joined the case as current employees and the discouragement of potential plaintiff participation by Defendants' owners and management.

163.    Plaintiffs are entitled to recover all damages they have sustained by reason of Defendants' violation of the anti-retaliation provision of the KWHA. *See* KRS 446.070.

164.    In violating the KWHA, Defendants have acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of themselves and all others similarly situated:

A.      An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to members of the Collective Class;

C.      An order enjoining Defendants from communicating with current and potential plaintiffs about this action;

D.      A finding that Defendants have violated the FLSA and KWHA;

E.      A finding that Defendants' FLSA and KWHA violations are willful and not in good faith;

F.      A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for compensation for all unpaid and underpaid wages and tips that Defendants have failed and refused to pay in violation of the FLSA and KWHA;

G.      A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for all such legal and equitable relief available and appropriate under the FLSA's anti-retaliation provision, 29 U.S.C. §§ 215(a)(3) and 216(b), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages;

H.      A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for all available relief under the KWHA's anti-retaliation provision, KRS 337.990(9) and 446.070, including all such damages as have been sustained by reason of Defendants'

violations of this provision;

I.    Prejudgment and post-judgment interest to the fullest extent permitted under the law;

J.    Liquidated damages to the fullest extent permitted under the FLSA and KWHA;

K.    Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, KWHA, and the Federal Rules of Civil Procedure; and,

L.    Such other and further relief as this Court deems just and proper in equity and under the law.

## VIII.  JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: June 12, 2023                          Respectfully submitted,

                                             /s/ David W. Garrison
                                             **DAVID W. GARRISON (KY Bar No. 98258)**
                                             **JOSHUA A. FRANK (TN Bar No. 33294) ***
                                             **NICOLE A. CHANIN (TN Bar No. 40239) ***
                                             BARRETT JOHNSTON MARTIN & GARRISON, LLC
                                             Philips Plaza
                                             414 Union Street, Suite 900
                                             Nashville, TN 37219
                                             Telephone: (615) 244-2202
                                             Facsimile: (615) 252-3798
                                             dgarrison@barrettjohnston.com
                                             jfrank@barrettjohnston.com
                                             nchanin@barrettjohnston.com

                                             * Admitted *Pro Hac Vice*

                                             *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on June 12, 2023, a true and correct copy of this First Amended Collective Action Complaint was served electronically on Defendants' counsel of record, listed below, by and through the Court's ECF System.

Gregg C. Greenberg, Esq.
Admitted Pro Hac Vice
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 phone
(240) 839-9142 fax
Email: ggreenberg@zagfirm.com

John Kevin West (KY Bar #81802)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, Ohio 43215
(614) 458-9889 phone
(614) 221-0952 fax
Email: kevin.west@steptoe-johnson.com

*Attorneys for Defendants*

<u>/s/ David W. Garrison</u>
DAVID W. GARRISON
**BARRETT JOHNSTON**
     **MARTIN & GARRISON, PLLC**